ERNESTINE GREEN, Appellant, *v.* CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, December 8, 1939.

*Irwin Isaacs*, for the appellant.

*William C. Chanler, Corporation Counsel* [*Paxton Blair* and *Charles E. Ramsgate* of counsel], for the respondent.

PER CURIAM. Under section 50-c of the General Municipal Law ownership by the city of the automobile involved in the accident is not a condition precedent to the imposition of liability if the police officer was operating the car in the discharge of his duties and within the scope of his employment. The evidence clearly indicates that the police officer was operating the car at the time of the accident and was acting within the scope of his employment. The jury was justified in rejecting his testimony as inherently improbable and contrary to the physical facts.

Judgment and order reversed, with costs, and verdict reinstated.

SHIENTAG and NOONAN, JJ., concur; HAMMER, J. I concur in the result but not that the testimony is inherently improbable, etc. Operation occurred when the car was moved through the exertion of physical or mechanical power whether willful or accidental.