Francis CL Hooley, J.
Motion by the City of New York for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice. Cross motion by plaintiff to discontinue as to defendant Walter A. Ernst.
The action is against the City of New York and a policeman for property damages and personal injuries allegedly sustained as a result of the negligent operation by the policeman of a city-owned police car, while in the discharge of his duties, and within the scope of his employment. The specific ground of the motion is that there has been no compliance with section 50-c of the General Municipal Law, which requires, in an action brought under that section, that the complaint contain an allegation that “ at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller, or corresponding officer, of said municipality and the appointee for adjustment, *823 and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment ” (L. 1936, ch. 323). (Italics supplied.) The claim of plaintiff is that this action is not brought under that section but is rather brought under section 50-a of the General Municipal Law.
There is no allegation of service upon the appointee and there is no claim that any such service was made.
It becomes necessary, in arriving at a determination of the question involved, to examine not only section 50-c of the General Municipal Law aforesaid, but also sections 50-a and 50-b thereof, and a brief examination of the history of such sections is helpful in throwing light on the solution to be reached in this matter.
Prior to 1929, the common-law rule existing in this State, afforded to municipalities a complete defense against tort liability arising out of governmental functions. In that year, by virtue of chapter 466 of the Laws of 1929, section 282-g of the Highway Law was enacted for the specific purpose of making municipalities liable for the negligence of the operators of municipally owned vehicles in the exercise of their statutory duties and in the course of their employment while the vehicle was being operated in connection with a governmental function. (Matter of Evans v. Berry, 262 N. Y. 61, 68.) It was enacted “ In response to a rising tide of criticism against the doctrine of sovereign irresponsibility” (Miller v. Town of Irondequoit, 243 App. Div. 240, 241). While that statute was in existence, there was no doubt with respect to the liability of a municipality for torts committed by its employees in the operation of municipally owned vehicles in the performance of governmental functions. (Ottman v. Village of Rockville Centre, 273 N. Y. 205; Rothman v. City of New York, 261 N. Y. 596.) The latter case involved a New York City policeman operating a municipally owned police car.
In 1936 the aforesaid section 282-g of the Highway Law was repealed by section 353 of chapter 63 of the Laws of 1936 and it was re-enacted by chapter 100 of the Laws of 1936, as section 50-a of the General Municipal Law, without change.
The primary question that arises is briefly this: What was the effect of the repeal of section 282-g of the Highway Law aforesaid? Was it the intention of the Legislature, after having created a liability against a municipality for the torts of its employees, committed in the performance of governmental functions in connection with the use of municipally owned vehicles, to eliminate that liability and make itself merely an indemnitor to the extent of any claims or judgments against its *824 employees ? The City of New York so contends. This court does not believe so.
In the first place, section 282-g of the Highway Law, at the time of its repeal, and section 50-a of the General Municipal Law, at the time of its adoption, were identical in language. That the latter section was intended to be a continuation of the former seems clear from the headnote to chapter 100 of the Laws of 1936, which provides: ‘ An act to amend the general municipal law, in relation to transferring from the highway law the provisions thereof governing municipal liability for negligent operation of vehicles ” (italics supplied).
In addition, section 95 of the General Construction Law provides as follows: ‘ Effect of the repeal of a statute by another statute substantially re-enacting the former. The provisions of a law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of such provisions of such prior law, modified or amended according to the language employed, and not as new enactments.” See, also, the various cases cited under said section 95 in Book 21 of McKinney’s Consolidated Laws of New York.
Under the circumstances, there would seem to be little doubt but that section 50-a of the General Municipal Law is merely a continuation of section 282-g of the Highway Law, and that the cases construing the latter section are applicable with equal force to the former section.
Having thus determined that municipal liability still continues, under the circumstances existing in this case, the next question that arises is: What is the effect on section 50-a of the General Municipal Law of sections 50-b and 50-c thereof? Section 50-a became effective on March 14, 1936. Sections 50-b and 50-c became effective on April 9, 1936.
Reading all the sections together, there is presented a picture which is not only crystal clear but reveals a series of statutes intended to cover all possible situations. Section 50-a, as pointed out, continued municipal liability for torts committed by municipal employees, in the operation of municipally owned cars, while in the performance of a governmental function. Section 50-b provided for the assumption of liability by the city for such negligence by the employee while operating a municipally owned vehicle. This section was necessary because, despite section 50-a, aforesaid, the common-law liability of such employee continued and the section was intended to relieve such employee of that liability. On the other hand, section 50-c was intended to permit the city to indemnify a policeman or fireman *825 for the negligence of such individual in the operation of a vehicle other than a municipally otoned vehicle while in the performance of a governmental function. Sections 50-a and 50-b refer to negligence in the operation of a “ municipally owned vehicle ” (italics supplied). Section 50-c deals with the negligence of a policeman or fireman in the operation of a “ vehicle ” (italics supplied).
The reason for the enactment of section 50-c is obvious. A policeman might commandeer a private automobile in the pursuit of a criminal. If there were an accident because of his negligence, the city would not be liable, although there would be common-law liability on the part of the policeman. As a matter of fact, the foregoing is precisely what happened in Berger v. City of New York (260 App. Div. 402). There the court held that under such circumstances the car could not be deemed to be “municipally owned”. Unfortunately for the plaintiff in that action, however, the accident had occurred prior to the enactment of section 50-c and no recovery against the city was allowed, for the reason that such section was held by the court not to be retroactive.
See Green v. City of New York (173 Misc. 1) for another illustration involving the application of section 50-c.
Reference has been made in the briefs to section 50-d of the General Municipal Law. That section has no significance here. It is merely an indemnification section to protect physicians and dentists working gratuitously in public institutions in the same manner that policemen and firemen are protected by section 50-c when they operate vehicles other than municipally owned vehicles in the performance of a governmental function. Nor has the case of Derlicka v. Leo (281 N. Y. 266) any relevancy. That was an action against a physician and he had a right to insist, pursuant to the statute, that he be saved harmless by making the city a party defendant. The same would be true in the case at bar if the individual defendant only had been sued. But this is an action against the city and such defendant, and the plaintiff has made a cross motion to discontinue against such individual defendant, relying on the absolute liability of the city.
The city also leans heavily on Kosiba v. City of Syracuse (260 App. Div. 557). However, in that case it appears that the plaintiff moved to amend his pleadings at the trial to bring himself within section 50-c of the General Municipal Law. For that reason, the court, in the prevailing opinion, apparently decided the case on the theory that that was the only section that had application. There is nothing in that opinion to *826 indicate that the court considered section 50-a of the General Municipal Law, and under the circumstances, this court does not feel that it is obligated to follow that decision.
From the foregoing, the court is of the opinion that the complaint herein states a cause of action against the City of New York, and that no notice of claim was required to be served on the defendant policeman.
Accordingly, the motion by the city for judgment on the pleadings is denied. The cross motion for leave to discontinue the action against the defendant, Walter A. Ernst, is granted. He is not a necessary party to the action.