In the Matter of NANCY DAVIDS et al., Appellants, against LUISE M. SILLCOX, as Executive Secretary of the Authors' Guild of the Authors' League of America, Inc., et al., Respondents.

Argued March 2, 1948; decided April 22, 1948.

*Nathan Frankel* for appellants. I. The Guild Council of the Authors' Guild had no power or authority, under law, to make any by-laws binding on members generally inasmuch as they were not directors of the corporation, empowered under the statute to make by-laws. (*Sheridan Elec. Light Co.* v. *Chatham Nat. Bank,* 127 N. Y. 517; *Olcott* v. *Tioga R. R. Co.,* 27 N. Y. 546; *McQuade* v. *Stoneham,* 263 N. Y. 323; *Manson* v. *Curtis,* 223 N. Y. 313; *Matter of Allied Fruit & Extract Co.,* 243 App. Div. 52; *Craig Medicine Co.* v. *Merchants Bank of Rochester,* 59 Hun 561; *Supreme Lodge* v. *La Malta,* 95 Tenn. 157; *Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 24; *Matter of Monroe Chapter O.E.S.,* 132 Misc. 109; *Rogers* v. *Westchester County,* 77 App. Div. 501.) II. The by-law adopted September 10, 1946, as construed to confer arbitrary power on the Authors' Guild Council to deny membership lists to members, or, as so applied by the council, is invalid, as inconsistent with law, and as beyond the statutory authority vested in the corporation or its directors. (*Raub* v. *Gerken,* 127 App. Div. 42; *Piccard* v. *Sperry Corp.,* 48 F. Supp. 465; *Matter of Steinway,* 159 N. Y. 250; *Dominus Rex v. The Fraternity of Hostmen,* 2 Strange 1223; *State ex rel. Cochran* v. *Penn-Beaver Oil Co.,* 34 Del. 81; *Klotz* v. *Pan American Watch Co.,* 211 Mass. 38; *Benintendi* v. *Kenton Hotel,* 294 N. Y. 112.) III. The by-law, as construed by the court below, is unreasonable as a matter of law and is violative of declared public policy. (*Thompson* v. *Wyandach Club,* 70 Misc. 799; *Stein* v. *Marks,* 44 Misc. 140; *People* v. *Erie County Medical Soc.,* 24 Barb. 570; *People* v. *St. Franciscus,* 24 How. Prac. 216; *Matter of Gallaher* v. *American Legion,* 154 Misc. 281, 242 App. Div. 604; *Matter of Flushing Hospital*

*& Dispensary,* 288 N. Y. 125.) IV. The by-law, as construed, is invalid as to these petitioners, as it deprives them of a vested right accruing to them before its adoption. (*Dusing* v. *Nuzzo,* 177 Misc. 35; *Matter of Steinway,* 159 N. Y. 250; *Bresnick* v. *Saypol,* 57 N. Y. S. 2d 904; *Matthews* v. *Associated Press,* 136 N. Y. 333; *Hillery* v. *Pedic Soc.,* 189 App. Div. 765.) V. Petitioners have exhausted their remedies within the organization, although they were not required to do so with respect to a by-law in itself invalid. (*Polin* v. *Kaplan,* 257 N. Y. 277; *Klein* v. *Morrin,* 248 App. Div. 153, 273 N. Y. 553; *Shapiro* v. *Gehlman,* 244 App. Div. 238; *Rodier* v. *Huddell,* 232 App. Div. 531; *Gersch* v. *Ross,* 238 App. Div. 552; *Matter of Brown* v. *Supreme Court of I. O. F.,* 176 N. Y. 132.) VI. Respondents have failed to show that the by-law in question is valid. (*People ex rel. Venner* v. *New York Life Ins. Co.,* 111 App. Div. 183.)

*Sidney R. Fleisher* and *Edward E. Colton* for respondents. I. Petitioners have not exhausted their remedies within the corporation. (*Dusing* v. *Nuzzo,* 177 Misc. 35; *Bell* v. *Sullivan,* 183 Misc. 543; *Sullivan* v. *McFetridge,* 183 Misc. 106, 268 App. Div. 962; *Reubel* v. *Lewis,* 182 Misc. 30; *Kavanaugh* v. *Commonwealth Trust Co.,* 223 N. Y. 103.) II. The by-law in question was validly enacted and represents the studied judgment of the Authors' Guild Council as being for the best interests of the organization. Neither the by-laws nor the council's conclusions should be disturbed. (*Oakes* v. *Cattaraugus Water Co.,* 143 N. Y. 430; *Best-Site Associates, Inc.,* v. *Ventrice,* 245 App. Div. 758; *Cassidy* v. *Uhlmann,* 170 N. Y. 505; *Kavanaugh* v. *Gould,* 147 App. Div. 281; *First Nat. Bank* v. *Commercial Travellers Home Assn.,* 108 App. Div. 78; *Harris* v. *Harris,* 137 Misc. 73.) III. The by-law is not inconsistent with law. (*Matter of Steinway,* 159 N. Y. 250; *Matter of Coats,* 73 App. Div. 178; *People ex rel. McElwee* v. *Produce Exch. Trust Co.,* 53 App. Div. 93; *Burden* v. *Burden,* 8 App. Div. 160, 159 N. Y. 287; *Matter of American Fibre Chair Seat Corp.,* 241 App. Div. 532, 265 N. Y. 416; *Matter of Newman* v. *Smith,* 263 App. Div. 85, 289 N. Y. 545; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464.) IV. The by-law is not unreasonable. (*Burden* v. *Burden,* 159 N. Y. 287; *Everett* v. *Phillips,* 288 N. Y. 227; *Chelrob* v. *Barrett,* 293 N. Y. 442; *Matter of*

*Latimer* v. *Herzog Teleseme Co.,* 75 App. Div. 522; *Matthews* v. *Associated Press,* 136 N. Y. 333; *Henry* v. *Babcock & Wilcox Co.,* 125 App. Div. 538.)

LOUGHRAN, Ch. J. The Authors' League of America, Inc., a domestic membership corporation, was organized in 1912 " to protect the rights and property of all authors, whether engaged in literary, dramatic, artistic or musical composition." The governing body of the league is a board of thirty directors called the council and is empowered to divide the membership " into such classes and upon such terms as may be legal and expedient." Accordingly a numerous company of members of the league have been assigned by its council to an affiliated association named the Authors' Guild.

The guild has its own constitution which makes these provisions: " The Constitution and By-Laws of the League are paramount and this Constitution and the By-Laws of the Guild are at all times subject thereto. * * * The general management, direction and control of the Guild shall be vested in a Council, which shall consist of thirty (30) members of the Guild in good standing * * *. Ten (10) members of the Council * * * shall be elected annually. * * * Subject to the provisions of the Constitution and By-Laws of the League and of this Constitution, the Council may at a meeting adopt, amend or repeal By-Laws of the Guild ".

The present controversy was commenced by a portion of the membership of the guild as petitioners against officers and other members thereof as defendants for an order making available to the petitioners (1) a list of the names and addresses of all members of the guild for use in connection with its proper affairs; and (2) a suitable opportunity to inspect the minutes of the regular and special meetings of the council of the guild held within the preceding year. (See Civ. Prac. Act, art. 78.)

An order to that effect was granted at Special Term and the direction therein for allowance to the petitioners of an inspection of the minutes of the meetings of the council of the guild was accepted by the defendants; but the order in its other parts was challenged by them before the Appellate Division where the direction for disclosure to the petitioners of the names and addresses of guild members was reversed on ques-

tions of law and the motion of the petitioners for a list of such names and addresses was denied. On this present further appeal to us by the petitioners, questions of discretion that were decided in their favor by the Special Term must be taken to have been passed over by the Appellate Division, since its order of reversal is silent in respect of the facts. (See Civ. Prac. Act, § 602.)

As a defense consisting of new matter, the defendants had pleaded in their answer a by-law which the council of the guild had adopted on September 10, 1946, in the following form:

" In order that the list of members may be protected against misuse, no officer, member or employee of the Guild shall furnish any list of names and addresses of members of the Guild, or allow access to such list, to any individual, group, firm or organization, without specific authorization by the Guild Council.

" In order that the members of the Guild may be adequately informed on all matters at issue in Guild affairs, the Secretary shall mail to the members of the Guild for, and on behalf of, any group of not less than 50 active members in good standing, a letter or other material dealing with and pertinent to any Guild and/or League matter or proposition upon which a mail vote is pending; provided, however, that the Council may require that the members on whose behalf such material is mailed shall defray all or any part of the expense of its preparation and mailing; and provided further, that there shall be filed with the Secretary a statement signed by all persons represented as signing such material that they have read said material and approve the signing of their names thereto; and provided further, that the Secretary shall not be required to mail any such material that he may deem to be illegal, libelous, scurrilous, defamatory, or irrelevant, unless and until it shall be deemed passable in those respects by the Council or a committee approved by the Council.

" In any case where the Secretary requests such determination, the proponents of the questioned material shall be promptly notified, and shall have the right to present their case before the Council or its committee, which shall act with reasonable promptness."

This by-law was the reason for the reversal by the Appellate Division of so much of the order of Special Term as would have put the names and addresses of all members of the guild at the disposal of the petitioners in a carefully limited degree. The higher court in its opinion said: " We see nothing illegal or contrary to public policy in an association of this kind having a rule against disclosing its membership list. Therefore, petitioners should seek an amendment of the by-law or a constitutional change by the membership instead of asking the court to override the by-law." (272 App. Div. 54, 55.)

The by-laws of a New York membership corporation may not make provisions inconsistent with law. (Membership Corporations Law, § 20.) Except in situations that are here immaterial, section 46 of the cited statute commands that the directors of every such corporation shall present at its annual meeting and file with its records a report, verified by the president and treasurer or by a majority of the directors, showing, among other things, the names and places of residence of the persons who were admitted to membership in the corporation during the immediately preceding year. The by-law here in question would preclude any and all access to the corporate record of such lists of the guild membership on the say-so of the guild council and this by-law is, therefore, so far inconsistent with the letter and spirit of the above requirement of section 46 of the Membership Corporations Law as to be wholly void and without effect. (See, too, §§ 41, 43.)

The petitioners are thus entitled to invoke the discretionary power of the court to grant under appropriate safeguards the relief here sought by them (*Matter of Steinway*, 159 N. Y. 250; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 471), a remedy that serves the democratic need for securing the interests of minorities.

The order of the Appellate Division should be reversed and the matter remitted to that court for determination, as it may be advised, upon the questions of discretion herein, with costs to the petitioners-appellants in this court and in the Appellate Division.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order reversed, etc.