CITY OF ALBANY et al., Respondents, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Appellant, et al., Defendants.

Third Department, June 17, 1959.

*Towner & Erway* (*Neile F. Towner* and *William R. Crotty* of counsel), for appellant.

*John W. Hacker, Corporation Counsel* (*John E. Roe* of counsel), for respondents.

GIBSON, J. The appeal is from a judgment declaratory of the rights of the parties under a combination automobile insurance policy issued by the defendant insurance company upon a police prowl car owned by the plaintiff city. It has been adjudged that the policy affords insurance protection to plaintiffs, the City of Albany and its police officer Douglas Wells, against liability for a fatal accident to Samuel B. Robinson, another police officer, which occurred when the police car operated by Wells, and in which Robinson was a passenger, collided with another vehicle. An action in negligence has been brought by decedent's administratrix against Wells and the city and this action the insurance company is, by the terms of the judgment, required to defend.

The company contends that the deceased police officer was the city's employee and hence that coverage for liability on account of his death is excluded by the clause of the policy which provides: " This policy does not apply * * * (d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured ".

The city contends that decedent was not its employee. Ordinarily, it is true, a policeman is not considered a municipal agent

or servant but a public officer performing a governmental function. (*Matter of Evans* v. *Berry*, 262 N. Y. 61, 68; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16, 19.) However, under section 50-a of the General Municipal Law, he, in common with other persons discharging public functions, "shall, for the purpose of this section, be deemed an employee of the municipality" when "appointed * * * to operate a municipally owned vehicle" and when other conditions specified shall obtain.

It seems clear that the company's reliance upon the section as creating or defining an employee status on the part of the decedent is unfounded. Decedent was not the driver and it is only the driver — the person "appointed" to operate the vehicle — who shall be "an employee". The public officer, who becomes the driver under the conditions specified in the section, acquires employee status "*for the purpose of this section*". That purpose is the imposition against the municipality of a liability which would not otherwise exist, and did not exist until the enactment of section 282-g of the Highway Law (from which said section 50-a was derived) by chapter 466 of the Laws of 1929. (See *Matter of Evans* v. *Berry*, 262 N. Y. 61, 68, *supra*; *Miller* v. *Town of Irondequoit*, 243 App. Div. 240, affd. 268 N. Y. 578; *Schwartz* v. *City of New York*, 16 Misc 2d 822; and, for prior rule, *Maxmilian* v. *Mayor*, 62 N. Y. 160.) Liability follows operation and is predicated upon the operator's negligent acts or omissions. Thus, by denominating the operator an employee "for the purpose of [the] section", the objective has been completely accomplished and there can be no ground for extending the application of the statute to any other person, even if the plain and unambiguous language would permit so forced an implication. The opinion of Foster, J., at Special Term in *Miller* v. *City of Albany* (158 Misc. 720, affd. 247 App. Div. 848) succinctly states the rule: "Ordinarily firemen and policemen are not classified as city employees, but as governmental agents of the State performing duties of a public character for the benefit of all citizens of the community. * * * For the purpose of the statute only those appointed to operate municipally-owned vehicles are deemed employees of the city. This arbitrary classification does not change the fundamental character of employment of firemen not so appointed, nor does it bring them within the Employers' Liability Law. By the same token it does not make them fellow-servants within the meaning of the common law." It follows in this case, that the policy affords coverage to the city for whatever liability may be found

against it by reason of the operation of the automobile and decedent's bodily injury and death.

Our conclusion that decedent was not an employee requires that we also reject appellant's additional contention that the plaintiff Wells, a police officer and the operator of the prowl car, must be denied coverage as not an "insured" within the definition of the policy. It is provided, in substance, that the insurance with respect to a person other than the named insured or his spouse does not apply "to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." Decedent, retaining his common-law status as a public officer, was not Wells' fellow servant and never became "another employee" of the city.

The concept of statuses differing as between the two police officers and variable as to one of them is doubtless an artificial one. Indeed, the *Miller case* (*supra*, p. 721) recognized that the statute provides an "arbitrary classification". The result is, nevertheless, clearly mandated by the unambiguous language employed by the Legislature to effect a particular and unmistakable intent.

The judgment should be affirmed, with one bill of costs to respondents.

FOSTER, P. J., BERGAN, COON and REYNOLDS, JJ., concur.

Judgment affirmed, with one bill of costs to respondents.