William R. Brennan, Jr., J.
This motion tests the sufficiency of a complaint alleging malpractice against an attorney previously retained by plaintiff to prosecute her cause of action for personal injuries.
It is alleged that on February 22, 1957 plaintiff, a guiltless pedestrian, was negligently knocked down and injured by an automobile owned by one Gene D. Keillor and operated by Ronald Keillor, “ a member of the Fire Department of the Incorporated Village of East Williston ”. It is further alleged that the defendant was retained by plaintiff to prosecute the cause of action against the Incorporated Village of East Williston.
It appears that the defendant attorney filed a notice of claim against the incorporated village under section 50-e of the General Municipal Law, but took no further action against the village *650 within the prescribed period of time. The attorney did in fact prosecute causes of action against both the driver and the owner of the vehicle involved, but neither case reached a disposition on the merits. The driver of the vehicle was a volunteer fireman engaged in responding to a fire alarm and was accordingly exonerated from personal liability by virtue of section 205-b of the General Municipal Law. In Sikora v. Keillor (17 A D 2d 6, affd. 13 N Y 2d 610) it was held that the owner of the vehicle was also exonerated from liability since such liability was derivative in nature and rested exclusively on the liability of the driver.
Plaintiff claims that the defendant was, therefore, guilty of malpractice in suing the wrong defendants and in failing to prosecute the action against the proper defendant, which, it is claimed, was the Incorporated Village of East Williston. For the purpose of this motion it must be assumed that the volunteer fireman, Ronald Keillor, negligently operated a private vehicle (as distinguished from a vehicle owned by the village or the Fire Department thereof) while engaged in the course of his duties as a fireman, and that plaintiff, free from any contributory negligence, was thereby injured. If under those circumstances the Incorporated Village of East Williston would have been legally liable for said negligent act or omission, then the complaint in the malpractice action is well-pleaded. If, on the other hand, no such liability existed, the complaint is fatally defective.
At common law a municipality was not responsible for the negligence of its servants when they were engaged in governmental functions, (Matter of Evans v. Berry, 262 N. Y. 61.) This municipal immunity was said to be derived from the sovereign immunity of the State. (Holmes v. County of Erie, 266 App. Div. 220, affd. 291 N. Y. 798.) Since firemanic duties are governmental in nature, there is no common-law liability on the part of the municipality under the facts here pleaded. Such liability, if any, must rest, then, upon remedial statutes derogatory of the common law creating liability where none existed before, which statutes must be strictly construed. (Berger v. City of New York, 260 App. Div. 402, affd. 285 N. Y. 723.)
The statutes relied upon by the plaintiff as imposing liability on the municipality in this case are sections 50-a, 50-b, 50-c and 205-b of the General Municipal Law. Sections 50-a and 50-b of the General Municipal Law are clearly inapplicable since they apply only to “municipally owned vehicles ”. (Berger v. City of New York, supra.) Section 205-b of the General Munic *651 ipal Law is also inapplicable. This section has a twofold purpose, one of which is to exonerate from civil liability (except for willful negligence or malfeasance) 11 Members of duly organized volunteer fire companies ”, and the other of which is to impute legal liability to fire districts for the negligence of volunteer firemen in the operation of vehicles owned by the fire district. We are not here dealing with a fire district as contemplated by that section, but with an incorporated village, and under the strict construction required, the section cannot be held to apply to incorporated villages. Moreover, it applies only to vehicles owned by the fire district and not to privately owned vehicles.
Section 50-c of the General Municipal Law, however, imputes legal liability to cities, towns and villages for the negligence of “ any duly appointed policeman or fireman of the municipality ” in the operation of “ a vehicle ” while the vehicle is operated upon the public streets or highways of the municipality and the appointee acting in the performance of his duties and within the scope of his employment. The section is not limited to municipally owned vehicles as are the other sections above quoted, and the status of the vehicle here as being privately owned in no way affects the liability of the village under the section. (See Schwartz v. City of New York, 16 Misc 2d 822.) It is argued, however, that the phrase “ duly appointed * =::= * fireman of the municipality ’ ’ does not include a volunteer fireman. We can find no support or authority for this proposition and conclude that the phrase is broad enough to include paid as well as volunteer firemen of the municipality. Section 202-a of the Village Law authorizes the appointment and election of volunteer members of fire companies of incorporated villages and provides in specific detail their qualifications and manner of appointment. Section 3 of the Volunteer Firemen’s Benefit Law defines a volunteer fireman as being an ‘1 active volunteer member of a fire company ’ ’, and a fire company is defined as one which is part of the fire department of, among other municipal units, an incorporated village.
Upon the trial of the action defendant may wish to contest factually the question of due appointment of the fireman or the collateral question of whether or not he was in the course of his duties at the time of the accident. These questions cannot be determined on this motion and all that is held is that the complaint states a valid cause of action.
Motion denied.