378

In the Matter of the Application of ALBERT A. AVALLON, JR., et al., Appellants, v. RIVERSIDE DEMOCRATS, INC., Respondent.

First Department, May 10, 1966.

*Albert A. Avallon, Jr.*, appellant in person, and for Anthony Runte, appellant.

*Alfred W. Charles* for respondent.

STALEY, J. The petitioners appeal from a judgment denying them the right to inspect and copy the membership list of the respondent, and their application to enjoin the annual election of respondent's officers.

The petitioners are members of the Riverside Democrats Inc., which membership corporation was duly organized under the laws of the State of New York for the purpose of engaging in political activity for the Democratic party. The respondent is the regular Democratic club of the former Seventh Assembly District of the Borough of Manhattan, as it existed in 1964, and comprises generally the geographical area of 96th Street to 125th Street, Central Park West, to the Hudson River.

The petitioners were candidates for election to the board of directors of the corporation and were so qualified for the annual election to be held on January 18, 1966 by submission of a petition with the requested number of signatures of the corporation members, filed on January 4, 1966 in accordance with the provisions of the respondent's constitution.

On January 6, 1966, petitioner Avallon requested from respondent's president a copy of the membership list of the

respondent or the opportunity to copy the list. It was the policy of the respondent not to permit any person to have a copy of the membership list, and petitioner, Avallon was advised that, if he wished, he might attend the board of director's meeting scheduled for January 11, 1966 and request the board to change its policy. In accordance with the provisions of article XIII, section 2 of the respondent's constitution, the president authorized the petitioner, Avallon, to use the mailing list of the corporation to send out any mailing he wished, and the club's mailing facilities were used by the petitioners in a mailing that included a copy of the petition of this proceeding.

Article VII, section 4 of respondent's constitution provides as follows: "The Board of Directors shall be the governing body of the Organization, shall direct and supervise its policies and shall make such rules and regulations, consistent with the law and this Constitution, as it may deem necessary to pursue these functions."

At the meeting of the Board of Directors held on January 11, 1966, the organization's policy of refusing to permit members to obtain and remove from the organization's premises a copy of its membership list was reaffirmed.

Section 46 of the Membership Corporations Law creates an exception for corporations promoting or maintaining the principles of a political party in relation to the duties of the directors of a membership corporation to present at its annual meeting the names and places of such of the persons who had been admitted to membership in the corporation during such year. In *Matter of Davids* v. *Sillcox* (297 N. Y. 355) the court held that a by-law of a membership corporation establishing a rule against disclosing its membership list was inconsistent with the provisions of section 46.

The exception contained in section 46 of the Membership Corporations Law, relative to corporations promoting or maintaining the principles of a political party, specifically excludes such a corporation from the mandate of the law requiring a corporation to provide a member with a copy of the membership list upon demand. There may well be a sound basis for the statutory exception of political membership corporations from the regular rule for the purpose of encouraging members of such corporations to engage in activities for the advancement of their political beliefs and ideas freely without any curtailment or exposure of their association with such corporation. (*N. A. A. C. P.* v. *Alabama,* 357 U. S. 449.)

Since there is nothing illegal or contrary to public policy for a membership corporation of a political nature having a rule

against disclosing its membership list, the denial of petitioners' request was proper. In addition, here the respondent afforded the petitioners an opportunity to be heard and provided them with its mailing list and thus met its legal and moral obligation to them.

It is clear that the common-law right to inspection is conditioned upon the requirements of appropriate safeguards and is enforcible subject to the sound discretion of the Trial Judge. The determination of the court below on the issues of good faith and proper purpose was well within the exercise of the court's discretion and should not be disturbed. (*Matter of Steinway,* 159 N. Y. 250; *Matter of Ochs* v. *Washington Hgts. Fed. Sav. & Loan Assn.,* 17 N Y 2d 82.)

The judgment appealed from should be affirmed, with costs and disbursements.

BREITEL, J. (dissenting). The issue is whether petitioners-appellants, members of an incorporated political club, are entitled to copy or use its membership list in furtherance of their efforts to attain elective office within the club. The judgment below, dismissing the petition, should be reversed. The club's refusal to make its membership list available to members seeking office in the club represents an illegal and paradoxical restriction of the democratic processes in an organization which by its nature should be particularly sensitive to and observant of them.

Chief among the grounds urged by the club in attempting to justify its refusal to allow access to the membership list is the availability to petitioners of the club addressograph mailing facilities. Through such facilities petitioners were enabled to distribute campaign literature. Petitioners, however, realistically point out that in this type of election, telephone and other personal contact with the general membership (now precluded by the club's refusal) has more impact than any mailings.

The club argues that the effectiveness of a political organization could be destroyed if knowledge of its membership were always available to those hostile to it. But reliance on the United States Supreme Court's decision in *N. A. A. C. P.* v. *Alabama* (357 U. S. 449) as support for this argument is misplaced; there, the disallowance of a State requirement of membership disclosure, as applied to the N. A. A. C. P., turned on " an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility "

(p. 462). In New York City similar consequences are hardly likely to follow upon a revelation of membership in a Democratic political club. In all events, respondent does not so contend.

The club also argues that the disclosure might be used to launch a bad-faith invasion of a political club or party. Similarly, it is argued that the membership list may be used for other improper purposes, such as commercial solicitations. While absolute protection against such contingencies probably cannot be assured, the hypothetical dangers, not shown to be imminent, do not justify suppression of minority expression.

It is evident that a balancing of interests is involved. The fears of the club with respect to a misuse of the membership list can be largely eliminated by requiring a preliminary hearing with respect to the good faith of the petitioners. If, after such a hearing, petitioners are found to be acting in good faith they could be permitted limited access to the list, under supervision, and conditioned upon the return of the list when it has served its purpose.

Both sides discuss section 46 of the Membership Corporations Law, seeking support for their contrary positions. The statute which requires annual disclosure of new members and other matters involving membership corporations expressly excepts political organizations so there is no question that it does not impose a statutory obligation on the club to make any such disclosure. Indeed, because it provides for annual disclosures only of new members, the statute is quite irrelevant. It is not even explicitly determinative with respect to the disclosure of the entire membership lists of nonpolitical membership corporations. In any event, the statute is not the sole measure of the common-law disclosure responsibilities of membership organizations, political or otherwise. If it were, then even with respect to nonpolitical organizations, there could be no disclosure of entire membership lists (cf. *Matter of Davids* v. *Sillcox*, 297 N. Y. 355).

A device whereby those in control of a political organization can exclude all but favored members from one kind of access to other members should not be given recognition in the courts. In this case it is no answer to say that the constitution and by-laws of the club provide for the use by all members of the addressograph system possessed by the club. Mailing in political affairs is no substitute for canvassing and the provision for making the addressograph facilities available simply provides for the controlled use of certain valuable facilities possessed by the club.

In contexts other than the political, the courts, without benefit of statute, have made sure that the interests of the minorities are served. While there are only a few cases, there appears to be a general rule, without exception, that access to membership lists will be denied only when bad faith is found in the applicant (37 N. Y. Jur., Membership Corporations, § 25; cf. *Matter of Joslyn* [*Universal Labs.*], 191 Misc. 512, affd. 273 App. Div. 945; *Javits* v. *Investors League,* 92 N. Y. S. 2d 267; *Matter of Davids* v. *Sillcox,* 188 Misc. 45, 49–50, revd. 272 App. Div. 54, revd. 297 N. Y. 355).

Accordingly, the judgment should be reversed, on the law and in the exercise of discretion, and the matter remanded for a hearing on petitioners' good faith, following which, if concluded in petitioners' favor, the membership list should be made available to them under supervision and then returned to respondent.

RABIN and STEUER, JJ., concur with STALEY, J.; BREITEL, J., dissents in opinion in which BOTEIN, P. J., concurs.

Judgment, entered on January 18, 1966, affirmed, with $50 costs and disbursements to the respondent.