David EVERETT, Plaintiff,

v.

RIVERSIDE HOSE COMPANY NO. 4, INC., Defendant.

No. 66 Civ. 1621.

United States District Court
S. D. New York.

Oct. 17, 1966.

464

Leonard Kolleeny, New York City, for plaintiff.

Levy, Gutman & Goldberg, New York City, for Westchester N. Y. State Civil Liberties Union, amicus curiæ.

Purdy, Lamb & Catoggio, New York City, Edmund F. Lamb, William E. Fay, III, New York City, of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

This is an action brought by a resident of Westchester County, New York, against defendant, a Volunteer Fire Company of the Volunteer Fire Department of the Village of Tarrytown in said county, arising out of the rejection of plaintiff's application for membership in said Company and declaring: that said rejection was wrongful, void and illegal; that plaintiff should be and is a duly elected member of said Company; and ordering defendant, its officers and members, to confirm and establish and to refrain from interfering with such membership.

Plaintiff alleges that his rejection for membership violates the provisions of Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983; 78 Stat. 246 (1964), 42 U.S.C. § 2000b (1964); 78 Stat. 252 (1964), 42 U.S.C. § 2000d (1964); the 14th Amendment of the Constitution of the United States; Art 1, § 11 of the Constitution of the State of New York; Article 15 of the Executive Law of the State of New York, McKinney's Consol.Laws, c. 18; and the Governor's Code of Fair Practice established by Executive Order on January 1, 1960.

Defendant has moved herein, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss the action on the ground that this Court lacks jurisdiction over the subject matter, and on the further ground that the complaint fails to state a claim upon which relief can be granted.[1]

Plaintiff has cross-moved, pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, for summary judgment.

It would appear from the complaint herein that plaintiff, a 36 year-old Negro, is and has been a resident of Tarrytown, Westchester County, New York, for over twenty years; that he is and has been gainfully employed in said county, is of good physical and mental health, and has never been arrested or convicted of a crime.

The defendant is a membership corporation organized and existing under the Laws of the State of New York, and more particularly is a Volunteer Fire Company of the Volunteer Fire Department of the Village of Tarrytown, County of Westchester, New York (hereinafter referred to as "Fire Company"). See N.Y. Village Law, McKinney's Consol. Laws, c. 64, § 203.

Plaintiff, desiring to become a member of said Fire Company, duly applied for membership some time prior to February 3, 1966, his application being sponsored by the Mayor of the Village of Tarrytown, a member of defendant.

Plaintiff alleges that his application was duly investigated by defendant's Investigating Committee, approved, and put to the general membership for a vote at a membership meeting on February 3, 1966.

The Constitution and By-Laws of defendant (Article VII, Sec. 2) provide that a negative vote by three ballots is enough to reject an application for membership.

Plaintiff further alleges that there were five applications for new members on the ballot for vote on said date, the other four applicants being non-Negroes. Two of said applicants were not even residents of the Village of Tarrytown. All four white applicants were admitted to membership but plaintiff was denied membership without any reason given therefor by defendant.

Plaintiff alleges, upon information and belief, that the vote against his ad-

---

1. Although characterized as a motion to dismiss, it is actually a motion for judgment on the pleadings, since defendant has answered the complaint.

mission was 27-to-5,[2] and that his application was rejected solely because he was a Negro, that no previous applicant has been denied membership in defendant, and, further, that no Negro has ever been a member of defendant during its entire existence, nor, in fact a member of any company of the Volunteer Fire Department of the Village of Tarrytown. Finally, he alleges that for the reasons hereinafter set forth, volunteer fire departments are quasi-governmental agencies of the State of New York.

Although the plaintiff does not specify the particular grounds for the jurisdiction of this Court, it seems clear that he is predicating such jurisdiction on Title 28 U.S.C. § 1343(3) (1964) which grants to the Federal district courts original jurisdiction of any civil action authorized by law to be commenced by any person:

> (3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> * * *

Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1964) provides:

> Civil action for deprivation of rights.
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff also bases his cause of action on 78 Stat. 246, 252 (1964), 42 U.S.C. §§ 2000b and 2000d (1964). However, in view of my determination herein that he has adequately stated a cause of action under Section 1983 of said Title 42, it is unnecessary to consider the adequacy or propriety of his claims under the other abovementioned statutes.[3]

Of course, for the purposes of defendant's motion under Rule 12(c), the well-pleaded allegations of the complaint must be accepted as true, as well as the reasonable inferences flowing therefrom. Brown v. Bullock, 194 F. Supp. 207 (S.D.N.Y.), aff'd, 294 F.2d 415 (2d Cir. 1961). In other words, we must assume that plaintiff, who satisfies the age and residence requirements for membership,[4] is in good physical and mental health, is gainfully employed, and is without any criminal record, was denied membership in a Volunteer Fire Company after having been duly sponsored by a member thereof, and that the denial of membership was solely because he was a Negro, no Negro ever having been elected to membership in said Fire Company.[5]

---

2. If this were true, absent the provisions of Article VII, Sec. 2, of defendant's constitution, plaintiff would have been entitled to election under N.Y. Village Law § 202–a(2), having received a three-fourths vote of the members present and voting.

3. It seems entirely possible that plaintiff at trial may submit sufficient proof that defendant maintains "public accommodations" and that "segregation of these facilities has been supported by state action in violation of the rights given by the Fourteenth Amendment and by the Civil Rights Act of 1964." Williams v. Rescue Fire Co., 254 F.Supp. 556, 563 (D.Md.1966). Use of defendant's recreational facilities is limited to members under defendant's constitution and by-laws (Art. IX, Sec. 1). Plaintiff's right as an individual to maintain an action under 78 Stat. 246 (1964), 42 U.S.C. § 2000b (1964) is available under 78 Stat. 246 (1964), 42 U.S.C. § 2000b–2 (1964).

4. N.Y. Village Law §§ 202–a and 209.

5. Purposeful discrimination may not be assumed or merely asserted but must be proven, the quantum of proof necessary being a matter of federal law. Swain v. State of Alabama, 380 U.S. 202, 205, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). However, from the facts assumed herein, an inference of discrimination could reasonably be drawn.

Defendant argues that plaintiff was rejected pursuant to the Constitution and By-Laws of defendant—more particularly Article VII, Section 2, of said Constitution, which provides that: "In the event that there are three or more negative ballots cast by those members present and voting, the applicant shall be declared rejected; otherwise the applicant shall be declared elected \* \* "; and that "the rejection of plaintiff was not a corporate action as such, but the action of members in the exercise of the lawful prerogative which they possess in voting upon membership." (Defendant's Reply Memo. P. 13.) Accordingly, it is defendant's contention that in acting upon plaintiff's application for membership, defendant was not performing any governmental or state function, or acting in any capacity in furtherance or enforcement of any state law, statute, ordinance, regulation, custom or usage, nor did it deprive plaintiff of any right under color of any state law, statute, ordinance, regulation, custom or usage.

■ Defendant's argument would have some validity if we were dealing with a purely social or benevolent organization occupying or utilizing private property and performing no governmental or quasi-governmental function or receiving no governmental assistance. This, however, is not the present case for it can hardly be denied that a voluntary fire department is performing a function normally governmental in nature.

■ This particular defendant was organized under special provisions of the Membership Corporations Law, McKinney's Consol.Laws, c. 35, Section 11(4), which require the consent of the majority of the village trustees (who are elected public officials) (N.Y. Village Law § 4–406(6)), after a public hearing.

Election to membership is provided for under § 202–a of the N.Y. Village Law, which states that such "election shall be pursuant to the by-laws, if any, of the fire company; otherwise, by a three-fourths vote of the members of the fire company present and voting at a regular or special meeting thereof." Such election is subject to the approval of the Board of Fire Commissioners, who, among other things, may, subject to the approval of the Board of Trustees, adopt rules for the admission of members of the Fire Department, N.Y. Village Law § 200(5).

It is conceded, not only for the purposes of this motion, but in fact by defendant's answer, that defendant's fire houses are built, owned and operated by the Village of Tarrytown, that its fire equipment is purchased and owned by said Village, and that the members of defendant are entitled to a reduced assessment of $500 on their homes for the purpose of Village real estate taxes (N.Y. Real Property Tax Law, McKinney's Consol.Laws, c. 50–a, §§ 464, 466). After a term of service in the Village fire department a volunteer fireman is entitled to a certificate of service entitling him to benefits under the N.Y. General Municipal Law, McKinney's Consol.Laws, c. 24, § 200 et seq. Furthermore, a volunteer fireman is exempt from jury duty (N.Y. Judiciary Law McKinney's Consol.Laws, c. 30, § 507 (5)) and is entitled to free transportation and the use of telegraph lines and telephones under certain defined circumstances (N.Y. General Municipal Law § 206) and to other substantial benefits (N.Y. Civil Service Law, McKinney's Consol.Laws, c. 7—Article VI).

Certain privileges, such as the right to engage in fund-raising activities and to use its equipment in connection with such fund drives, are granted to a fire company under the law. N.Y. Membership Corporations Law § 112; N.Y. General Municipal Law § 204–a.

Nor does the fact that defendant is in large measure composed of non-salaried firemen affect its status as a publicly-owned or governmental facility. Williams v. Rescue Fire Co., 254 F.Supp. 556 (D.Md.1966). See also Sikora v. Steinberg, 40 Misc.2d 649, 243 N.Y.S.2d 766 (Sup.Ct.1963), aff'd mem., 20 A.D. 2d 852, 249 N.Y.S.2d 401 (2d Dep't 1964).

Whether we denominate plaintiff's desired membership in the Fire Company as a "right" or a "privilege", it cannot be denied him arbitrarily or discriminatorily.

"We need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." Wieman v. Updegraff, 344 U.S. 183, 192, 73 S.Ct. 215, 219, 97 L.Ed. 216 (1952).

■■■■ It cannot be said that a volunteer fireman is not a public servant because he receives no salary but rather is entitled to certain statutory benefits and exemptions.[6] Indeed, by statutory implication, a volunteer fireman is in "the public service" (N.Y. Civil Service Law § 86) although not a "public officer" (N.Y. Public Officers Law, McKinney's Consol. Laws, c. 47, § 3(5)), and for the purposes of workmen's compensation he has the status of an employee (N.Y. Volunteer Firemen's Benefit Law, McKinney's Consol.Laws, c. 64–A, § 2).[7] It cannot be denied that a statute excluding one from employment solely on racial grounds would be unconstitutional. By the same token,

> though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.

Yick Wo v. Hopkins, 118 U.S. 356, 373–374, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886). A corporate charter is not the creation of the corporation, but a grant pursuant to the sovereign power of the state. In promulgating its rules for admission to membership, defendant is exercising a power granted by the State, more specifically § 202–a of the N.Y. Village Law. Since the by-laws of a New York membership corporation may not make provisions inconsistent with law (Davids v. Sillcox, 297 N.Y. 355, 79 N.E. 2d 440 (1948)), if the alleged discriminatory practices were written into the constitution or by-laws they would clearly be wholly void and without effect. What cannot here be done in print cannot be done in practice. The object for which defendant was formed is "The protection of life and property from fire" (Preamble to defendant's constitution) which is a matter of public concern, for the public good, and for the general welfare of the State. The fact that defendant may consider itself a private social club and the acts of its members as those of private citizens is beside the point. Williams v. Rescue Fire Co., supra. A membership or private corporation exercising a governmental or quasi-governmental function is not an instrument to be employed with impunity in disregard of constitutional guarantees. Farmer v. Moses, 232 F.Supp. 154 (S.D. N.Y.1964); Anderson v. Moses, 185 F. Supp. 727 (S.D.N.Y.1960). Defendant's property and equipment were purchased out of public funds and it solicits funds from the public. Kerr v. Enoch Pratt Free Library, 149 F.2d 212 (4th Cir.), cert. denied, 326 U.S. 721, 66 S.Ct. 26, 90 L.Ed. 427 (1945). Its powers and functions are governmental in nature (Evans v. Newton, 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966)), since a fire department "traditionally serves the community." (Id. at 302, 86 S.Ct. 486.) When defendant's members vote on applicants for membership they vote as

---

6. "One of the finest traditions of American community life is the service which people render to others without remuneration. Volunteer firemen have long been in the forefront of this group." N.Y. Volunteer Firemen's Benefit Law § 2.

7. While perhaps superfluous, § 291(1) of the N.Y. Executive Law declares that "the opportunity to obtain employment without discrimination because of race, creed, sex, color or national origin is hereby recognized as and declared to be a civil right."

voluntary firemen, not as members of a social club, and the State is involved in their vote. Williams v. Rescue Fire Co., supra, 254 F.Supp. at 562.

Accordingly, it may not "by ritualistic practice, constitutional or by-law prescription, by tacit agreement among its members, or otherwise, deny a person or persons membership in its organization by reason of his race, creed, color or national origin."[8] Plaintiff, in effect, alleges that defendant Fire Company has done so in his case. It is not up to this Court at this time to determine whether he can sustain his charges, but solely to determine whether he has set forth a claim upon which relief can be granted by this Court.

I hold that his complaint is sufficient to withstand defendant's motion for a judgment of dismissal on the pleadings.

The suggestion is made by defendant (Defendant's Reply Memo. Pg. 10) that plaintiff's remedy is by complaint to the State Commission for Human Rights. N.Y. Executive Law— Art. 15 §§ 290–301. Plaintiff, however, is asserting that defendant has deprived him of rights protected by the Fourteenth Amendment. Such claims are entitled to be adjudicated in the federal courts. McNeese v. Board of Education, 373 U.S. 668, 674, 83 S.Ct. 1433, 10 L.Ed. 2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

In view of the foregoing determination, it becomes necessary to consider plaintiff's motion for summary judgment. The charge of discrimination which plaintiff makes is a serious one and is disputed and contested by defendant. While sufficient is alleged to overcome a motion under Rule 12, there is a serious and genuine issue as to whether there was discrimination. The record is not clear as to the number of Negro applicants, if any, who have unsuccessfully sought admission to membership,

or as to the racial composition of the Village of Tarrytown. The issue of discrimination is not to be decided on affidavits, or depositions, or excerpts from depositions, but in the courtroom.

Defendant's motion for judgment of dismissal pursuant to Rule 12(c) and plaintiff's cross-motion for summary judgment pursuant to Rules 12(c) and 56 are accordingly denied.

It is so ordered.

---

8. The quoted language from § 43 of the N.Y. Civil Rights Laws, McKinney's

Consol.Laws, c. 6, dealing with labor unions seems particularly apt herein.