**Darlene GIBSON, Plaintiff,**

v.

**HURLEYVILLE FIRE COMPANY NO.1 and the Hurleyville Fire District, Defendants.**

**No. 96 CIV. 4938(CLB).**

United States District Court, S.D. New York.

April 16, 1998.

Robert N. Usseks, and Sue Keiser, Keiser & Keiser, Middletown, NY, for Plaintiff.

Blair Lodt, Carter Conboy Case etc., Albany, NY, for Defendants.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

Before this Court for decision is the motion of the defendants, the Hurleyville Fire Company No. 1 ("the Fire Company" or "the Company") and the Hurleyville Fire District ("the District"), for summary judgment pursuant to Fed.R.Civ.P. 56(b).

In this action pursuant to 42 U.S.C. § 1983, plaintiff Darlene Gibson, a 34 year old female resident of Liberty, New York who aspires to become a member of the Fire Company, asserts claims against the Fire Company and the District for violations of her rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. Ms. Gibson also asserts a supplemental claim under N.Y. Exec. Law § 296(9)(a).[1] She is seeking compensatory damages and injunctive and declaratory relief. The defendants now move to dismiss Ms. Gibson's complaint in its entirety for failure to state a proper claim against a proper defendant.

Hurleyville Fire Company No. 1 is a volunteer fire company within and part of the Hurleyville Fire District. The election and appointment of volunteer members of a fire company are governed by Town Law § 176-b which provides in pertinent part that:

> The board of fire commissioners shall appoint residents of the fire district as the volunteer members of any newly organized fire company. Thereafter, the fire company may elect other eligible persons, including fire district officers, as volunteer members. The election shall be pursuant to the by-laws, if any, of the fire company; otherwise, by a three-fourths vote of the members of the fire company present and voting at a regular or special meeting thereof. The membership of any person so elected shall become effective when approved by resolution of the board of fire commissioners...

N.Y. Town Law § 176-b(2). According to the Constitution and Bylaws of Hurleyville Fire Company No. 1 anyone who wishes to become a member of the Company must submit an application to the Company for a

---

1. N.Y. Exec. Law § 296(9)(a) provides that:

   It shall be an unlawful discriminatory practice for any fire department or fire company therein, through any member or members thereof, officers, board of fire commissioners or other body or office having power of appointment of volunteer firemen, directly or indirectly, by ritualistic practice, constitutional or by-law prescription, by tacit agreement among its members, or otherwise, to deny to any individual membership in any volunteer fire department or fire company therein, or to expel or discriminate against any volunteer member of a fire department or fire company therein, because of the race, creed, color, national origin, sex or marital status of such individual.

vote by the Company's members. If such application receives 2/3 of the votes of the Company members present, such application is then forwarded to the Hurleyville Fire District for the consideration and approval of the District's Board of Commissioners. *See* Statement of Agreed Facts ¶ 3.

Ms. Gibson, the wife of a member of the Hurleyville Fire Company, applied for active membership in the Fire Company on April 8, 1996.[2] There was only one other application at the time Ms. Gibson submitted hers, and that application was submitted by a male. On May 5, 1996 Ms. Gibson passed the required physical exam. On May 13, 1996 the Company voted on the two applications.

Voting took place by secret ballot of the membership and Ms. Gibson received 10 votes in favor and 17 against with 2 abstentions. The male candidate received 28 votes in favor and 1 against. Ms. Gibson's application was rejected and the application of the male candidate was accepted. Ms. Gibson subsequently commenced this action claiming, *inter alia*, that her application was denied based upon her gender and that the denial was pursuant to an ongoing policy to exclude women.

The defendants move to dismiss on the following grounds: (1) the Hurleyville Fire Company is a private, not-for-profit corporation, and as such is not a government actor; (2) plaintiff has failed to allege a proper claim for violation of her procedural due process rights; (3) plaintiff has failed to allege a claim for violation of her substantive due process rights; (4) plaintiff has failed to allege a claim for violation of her rights guaranteed by the Equal Protection clause of the United States constitution; and (5) the method by which the Company votes upon prospective members is not violative of any right. *See* Defendant's Letter Brief filed March 20, 1998. For the reasons set forth below defendant's motion to dismiss is denied and partial summary judgment is granted in plaintiff's favor.

### *Discussion*

**I. *Hurleyville Fire Company No. 1 Is A State Actor***

■ Because the Fire Company is performing a governmental function it is a state actor. Fire protection is a public function which amounts to state action even if the fire protection unit is composed of voluntary or unpaid members. *Janusaitis v. Middlebury Volunteer Fire Department,* 607 F.2d 17, 24 (2d Cir.1979) ("In view of the circumstances, and in light of the exclusively governmental nature of the function performed by the MVFD [Middlebury Volunteer Fire Department], we hold that the actions of the Department were 'state action' and that its disciplinary actions may not offend the First Amendment."); *Everett v. Riverside Hose Company No. 4, Inc.,* 261 F.Supp. 463 (S.D.N.Y.1966) ("it can hardly be denied that a voluntary fire department is performing a function normally governmental in nature"). Thus, Hurleyville Fire Company No. 1 is a proper defendant.[3]

### *II. Equal Protection Claims*

■ The New York Legislature has recognized that, "[o]ne of the finest traditions of

---

**2.** Although she does not reside within the Hurleyville Fire District, Ms. Gibson lives within 10 miles of the District. Article IX, Par. 25 of the Constitution and Bylaws of Hurleyville Fire Company No. 1 provides that "[a]ny person living within a 10 mile radius who wishes to become a member of the Fire Company may do so as a non-resident member... All non-resident applicants must be voted on by [sic] the same way as all new members are." *See* Statement of Agreed Facts ¶ 1.

**3.** In addition, throughout the state most volunteer fire companies occupy land and buildings and use firefighting equipment all of which is owned and maintained by the town. There is no reason to think that the Town of Fallsburgh is

different. *See* n. 1, Letter Brief of Plaintiff filed March 20, 1998.

Volunteer firefighters are also entitled to significant benefits under state law. After a period of service a volunteer firefighter receives a certificate entitling him or her to benefits under N.Y. General Municipal Law § 200 *et seq.* They are also entitled to free transportation and the use of telegraph lines during the course of duty, N.Y. General Municipal Law § 206, and have the status of employees for the purposes of workmen's compensation law. N.Y. Volunteer Firefighter's Benefit Law § 2. In addition volunteer firefighters were formerly exempt from jury duty. N.Y. Judiciary Law § 512(4) (repealed eff. Jan. 1, 1996).

American community life is the service which people render to others without remuneration: Volunteer firemen have long been in the forefront of this group." N.Y. Volunteer Firefighters' Benefit Law § 2. This Court agrees and is mindful of the important historical contributions of volunteer fire companies. The Court also recognizes the right of a volunteer organization to exercise a degree of control over those who apply to enter its service. A fire company is entitled to reject certain applicants, even those who are members of a protected class, but such rejection must be done in accordance with the law.[4] A written or unwritten policy to exclude female applicants clearly violates both federal and state law.

Although plaintiff need not prove all of the elements of a Title VII claim in order to prove a violation of the equal protection clause, courts often look to Title VII in order to help resolve such claims under § 1983. See, e.g. Genas v. State of New York Dep't of Correctional Services, 75 F.3d 825, 832 (2d Cir.1996); Annis v. County of Westchester, 36 F.3d 251, 254 (2d Cir.1994); Carrero v. New York City Housing Authority, 890 F.2d 569, 577 (2d Cir.1989). Under Title VII case law the burden of establishing a prima facie case of discrimination is minimal. Plaintiff must show (1) membership in a protected class (2) qualification for the position (3) denial of the position and (4) that the position was ultimately filled by a person not of the protected class. Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir.1997) (en banc), cert. denied, — U.S. —, 118 S.Ct. 851, 139 L.Ed.2d 752.

■ Ms. Gibson made out a prima facie case of discrimination by showing that she is a woman, that she was qualified to be a firefighter, that she was denied admission to the Fire Company and that a male who submitted his application at the same time as her own was accepted. The evidence also shows that no woman has ever been a member of Hurleyville Fire Company No. 1, and that two other women who applied in 1996 were also rejected. The Fire Company has failed to provide any reason for its rejection of Ms. Gibson's application other than the fact that a majority of the current members of the Fire Company voted to reject her. As Judge Tenney of this Court once held in a case involving claims against a volunteer fire company for racial discrimination "though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." Everett v. Riverside Hose Company, 261 F.Supp. 463, 468 (S.D.N.Y. 1966).

The facts in this case lead to the inference that the Fire Company rejected Ms. Gibson's application solely or primarily because she is a woman. We hasten to note that the District Commissioners never explained to the voting members of the Fire Company that their decision to accept or reject an applicant was to be exercised impartially and consistent with the Constitution and the state and federal laws prohibiting discrimination. In voting as they did, it is highly likely that some members may have believed that as an association of volunteers which also maintains relationships which are purely social, they could reject an applicant according to whim or mere social unacceptability. If so, they were in error. See Everett, 261 F.Supp. at 468–69 ("When defendant's members vote on applicants for membership they vote as voluntary firemen, not as members of a social club, and the State is involved in their vote.") (citation omitted).

4. Town Law § 176–b(15)(a) prohibits the exclusion of an applicant from the Fire Company based on the applicant's gender:

It shall be an unlawful discriminatory practice for any volunteer fire department or fire company, through any member or members thereof, officers, board of fire commissioners or other body or office having power of appointment of volunteer firemen in any fire department or fire company pursuant to this section, because of the race, creed, color, national origin, sex or marital status of any individual, to exclude or to expel from its volunteer membership such individual, or to discriminate against any of its members because of the race, creed, color, national origin, sex or marital status of such volunteer members.

Because the Court concludes that Ms. Gibson has set forth sufficient facts to demonstrate a violation of the equal protection clause, the issue of potential due process violations is not reached at this time. Based on the above findings the Court denies the defendant's motion to dismiss the complaint and grants partial summary judgment to plaintiff as a non-moving party. It is well established that a court may grant summary judgment to the non-moving party despite the absence of a cross-motion by that party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court may do so sua sponte without prior notice when the evidence before the court is fully developed, so that the moving party suffers no procedural prejudice. *Coach Leatherware Co. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991). In this case there is a stipulated set of facts and the Court finds that the evidence before the Court was fully developed and that the defendants have not been procedurally prejudiced.

Counsel shall settle an interlocutory judgment on ten (10) days notice which shall provide that within 30 days from the date thereof or such further time as the Court may enlarge:

(A) the Commissioners of the Fire District shall adopt and issue a policy statement copies of which are to be made available to all members of Hurleyville Fire Company No. 1 and to all members of any other Fire Company within the District, which shall provide that: (1) female candidates for membership must be given equal consideration when voting on the applications of new members; (2) that individual members may not vote to reject an applicant based on that applicant's race, creed, color, national origin, sex or marital status; and (3) such vote shall be exercised in a fiduciary capacity solely in the interests of fairness and the greatest benefit to the district; and

(B) Ms. Gibson shall be permitted to reapply to Hurleyville Fire Company No. 1 and the Fire Company shall consider her application consistently with the above policy statement.

The interlocutory judgment shall contain such other directions and provisions as counsel may propose which shall be consistent with this decision and the Court retains jurisdiction to resolve the remaining issues in the case.

Because Ms. Gibson is a prevailing party she is entitled to an award of legal fees. The Court defers fixing the amount of these fees until all matters are disposed of (including resolution of Ms. Gibson's resubmitted application for membership) and a final judgment may be filed.

SO ORDERED.