**David KRONMULLER**

v.

**WEST END FIRE COMPANY NO. 3 FIRE DEPARTMENT OF the BOROUGH OF PHOENIXVILLE; Borough of Phoenixville; Richard Bader; Alfred Wissert; Mahlon Smith; Joseph Dzuryachko; Curtis W. Himes; James W. Brewer, Jr.; and John P. Krill.**

No. 85–2923.

United States District Court, E.D. Pennsylvania.

Nov. 18, 1988.

J. Michael Ryan, West Chester, Pa., for plaintiff.

Elizabeth Howard, Phoenixville, Pa., for Borough of Phoenixville.

Joseph J. Neizer, Phoenixville, Pa., for West End Fire Co., and Richard Bader, Alfred Wissert, Mahlon Smith, Joseph Dzuryachko, Curtis W. Himes and James W. Brewer, Jr.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This action comes before the court on defendants' Motion for Dismissal under Fed.R.Civ.P. 12(b) or in the alternative, Summary Judgment under Fed.R.Civ.P. 56. The action arises out of defendants' alleged wrongful expulsion of plaintiff from a volunteer fire company. For the reasons stated below, defendants' motion will be denied.

FACTS

Plaintiff David Kronmuller was a member of the West End Fire Company No. 3 for approximately seven years. After he failed to attend a meeting before the Board of Directors on May 28, 1981, he was dismissed. Plaintiff appealed his dismissal to the Phoenixville Borough Council under Chapter VII, Section 107, of the Code of Ordinances. The Borough declined to hear the appeal and allowed the decision of the Board to stand. Plaintiff filed a complaint with this Court on May 23, 1985, asserting that he was expelled for exercising his First Amendment rights in criticizing the fire company policies and defendant Krill. Plaintiff further alleged that defendants violated his Fourteenth Amendment rights by depriving him of his fire company membership without due process of law. Plaintiff prays for, *inter alia*, $100,000 in compensatory damages, reasonable attorney's fees, and reinstatement in the fire company. Plaintiff bases federal court jurisdiction under 28 U.S.C. §§ 1343 and 1331 be-

cause the action arises under 42 U.S.C. §§ 1983, 1985 and 1988.

## DISCUSSION

Defendants argue that we should dismiss this action under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) because: (1) there is insufficient evidence of state action to sustain jurisdiction; (2) there is insufficient evidence of a conspiracy among the defendants; and (3) plaintiff does not have a constitutionally protected right to membership in a volunteer fire company. Before addressing defendants' substantive arguments, we must begin our inquiry with an analysis of the distinction between Rule 12(b)(1) and Rule 12(b)(6).

Dismissal on jurisdictional grounds under Rule 12(b)(1) and dismissal for failure to state a claim under Rule 12(b)(6) are distinct, implicating different legal principles and different burdens of proof. Motions which challenge subject matter jurisdiction involve the right to be heard in court while motions which assert failure to state a claim ask the court to dispose the case on the merits. *Johnsrud v. Carter*, 620 F.2d 29, 32 (3d Cir.1980); *Nguyen v. United States Catholic Conference*, 548 F.Supp. 1333, 1336 (W.D.Pa.1982), *aff'd*, 719 F.2d 52 (3d Cir.1983).

Because Fed.R.Civ.P. 12(b)(6) results in a determination on the merits at such an early stage of the plaintiff's case, the court affords the plaintiff the safeguard of accepting all allegations of the complaint as true. We may dismiss the complaint only if it appears to a certainty that no relief could be granted under any set of facts which would be proved. In addition, we must draw reasonable factual inferences from the pleader's complaint. *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984); *Mahone v. Waddle*, 564 F.2d 1018, 1021 (3d Cir.1977).

A Rule 12(b)(1) motion either attacks the complaint on its face or attacks the subject matter jurisdiction in fact. The facial attack offers the same safeguard discussed above: the court must consider the allegations of the complaint as true.

The factual attack, however, allows the court to weigh the evidence to determine if it has the power to hear the case. "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). The burden of proof is on the party asserting jurisdiction. *Id.* If jurisdiction is based on a federal question, as it is here, the pleader need only show that he has alleged a claim under federal law and that the claim is not frivolous. *See* 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1350 (1969); *See also, Mortensen*, 549 F.2d at 892 (because plaintiffs in this case will have to establish same facts at 12(b)(1) stage as they will at trial on the merits, we will demand less in the way of jurisdictional proof than would be appropriate at trial stage).

In addition to our consideration of the complaint itself, we must also consider the answers to the complaint. Thus, to the extent that we consider matters outside the pleading, we treat the motion as a motion for summary judgment. *See Miller v. Indiana Hospital*, 562 F.Supp. 1259, 1267 (W.D.Pa.1983); *Mortensen*, 549 F.2d at 891. Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a

reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* 106 S.Ct. at 2511. However, if the evidence is merely "colorable" or is "not significantly probative", summary judgment may be granted. *Id.*

 In a summary judgment action, the moving party bears the initial burden of identifying for the court those portions of the record which it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Following such a showing in a case where the non-moving party is the plaintiff and therefore bears the burden of proof, it must by affidavits or by the depositions and admissions on file "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.* 106 S.Ct. at 2552–53; *Anderson, supra*, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R. Civ.P. 56(e). In making its ruling on a summary judgment motion, the court must view all inferences in a light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982), must resolve all doubts against the moving party, *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and must take as true all allegations of the non-moving party that conflict with those of the movant, *Anderson, supra*, 106 S.Ct. at 2513. In addition, a plaintiff seeking summary judgment must demonstrate the absence in the record of a prima facie defense. The evidence must be considered in the light most favorable to the defendant. *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir. 1986).

 After a careful review of the record before us, we conclude that at this stage plaintiff's action must survive both 12(b) dismissal and summary judgment. Even if we doubted that plaintiff would ultimately prevail, so long as plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted. *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982). An examination of plaintiff's requirements under 42 U.S.C. § 1983 reveals that plaintiff has satisfied his minimal pretrial burden.

Plaintiff alleges in his complaint that defendants violated his First and Fourteenth Amendments and that as a result he is entitled to recovery under 42 U.S.C. § 1983. Specifically, plaintiff asserts that defendants dismissed him for exercising his First Amendment rights because he criticized the company, and that they deprived him of a hearing in derogation of the Fourteenth Amendment. Under 42 U.S.C. § 1983, the Supreme Court instructs us to first inquire: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). *See Darr v. Wolfe*, 767 F.2d 79, 80 (1985). Generally, a private person or a corporation cannot be held liable under 42 U.S.C. § 1983 unless the wrongful action was done under color of state law or state authority. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). If plaintiff shows that defendants were acting under color of state law, they may be held liable for depriving plaintiff of an "interest" without procedural safeguards. *Parratt*, 451 U.S. at 537, 101 S.Ct. at 1913–14.

The state action issue is one of fact to be decided by considering all of the surrounding circumstances and may be difficult to dispose of without a fully developed record. *See Whetzler v. Krause*, 411 F.Supp. 523 (E.D.Pa.1976), *aff'd*, 549 F.2d 797 (3d Cir. 1977); *Braden v. University of Pitts-*

*burgh,* 477 F.2d 1 (3d Cir.1973). *See generally, Jackson,* 419 U.S. 345, 95 S.Ct. 449. At this stage, we must decide whether the complaint alleges enough facts to withstand a motion to dismiss for lack of state action. Applying the deferential standards of both summary judgment and Rule 12(b), we find that plaintiff has satisfied the state action requirement.

The Supreme Court has pierced the veil of private, individual conduct to find state action where: "(1) state courts enforced an agreement affecting private parties; (2) where the state 'significantly' involved itself with the private party; and (3) where there was private performance of a government function." *Hollenbaugh v. Carnegie Free Library, Etc.,* 545 F.2d 382 (3d Cir. 1976), *cert. denied,* 439 U.S. 1052, 99 S.Ct. 734, 58 L.Ed.2d 713 (1978); *Magill v. Avonworth Baseball Conference,* 516 F.2d 1328, 1331 (3d Cir.1975). In the case at bar, we must address the final two scenarios.

Whether the state involvement in the challenged action of the fire company is "significant" depends on "whether there is a sufficiently close nexus between the State and the challenged action ... so that the action of the latter may be fairly treated as that of the State itself." *Jackson,* 419 U.S. at 351, 95 S.Ct. at 453. If a private enterprise stands in its operations, as a veritable partner with the state, the state must be recognized as a joint participant in the challenged activity. *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725, 81 S.Ct. 856, 861–62, 6 L.Ed.2d 45 (1961); *Braden v. University of Pittsburgh,* 552 F.2d 948, 958 (3d Cir.1977). The extent of state involvement must be evaluated on a case by case basis. *Magill,* 516 F.2d at 1332.

In the case at bar, plaintiff cites several factors to support his allegation of state action. In its answer, defendant Borough of Phoenixville does not deny plaintiff's following assertions:

"1. Defendant Borough of Phoenixville, through its Borough Council approves and appoints all officers of the Fire Department, including the fire chief and three assistant chiefs, each which is to be in charge of the three fire companies of Phoenixville: Phoenix Hose, Hook and Ladder Company # 1; The Friendship Fire Co., # 2; and Defendant West End Fire Company # 3.

2. Defendant Borough of Phoenixville is, through its appointed Borough Councilman, a member of the fire committee of the Borough of Phoenixville, which consists of the Chief, three Assistant Chiefs and a Borough Councilman.

3. Defendant Borough of Phoenixville through its Borough Council, has the right at any time to suspend or expel the Chief or the Assistant Chiefs from office for cause as council meetings deem sufficient.

4. Defendant Borough of Phoenixville, through its committee of the Parks, Property and Public Safety Committee, hears the appeals of any member of a fire company suspended or dismissed by the chiefs.

5. Defendant, West End Fire Company No. 3, receives approximately $30,000.00 each year from Defendant Borough of Phoenixville and approximately $40,000.00 each year from the Federal Firemans Relief Association.

6. Defendant Borough of Phoenixville, since 1979, has furnished an automobile to the Fire Chief of Phoenixville."

Under Rule 12(b), we find that plaintiff has alleged sufficient facts to support a finding of state action. Similarly under Rule 56, plaintiff has created genuine issues of material fact concerning the question of state action. The Borough of Phoenixville contributes financially and participates in the functioning and administration of the fire company. *See Janusaitis v. Middlebury Volunteer Fire Department,* 607 F.2d 17, 21 (2d Cir.1979) (court finds state action where city finances and participates in administration of volunteer fire company). The extent and significance of the borough's participation must be developed at trial. *See Hollenbaugh,* 545 F.2d at 385 (fact that private entity financed by government and acting ostensibly as agent for city compels conclusion that state in-

volvement was significant and summary judgment inappropriate).

We also find that plaintiff raises a genuine issue of material fact whether the volunteer fire company performs an exclusively governmental function. A private entity can so completely perform the functions ordinarily reserved to a public entity that its activity can be characterized as "state action". *See Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). We need not decide whether fire fighting *per se*, is an activity traditionally the exclusive prerogative of the state. We do conclude, however, that whether responsibility for fire protection in Phoenixville may be delegated to the West End Fire Company without that organization becoming a state actor at least involves questions of fact. *See Adams*, 697 F.2d at 1219 ("Any determination of whether fire fighting in York County is traditionally an 'exclusive public function' requires the application of the broad but well defined legal principles ... to the facts of this case."); *Janusaitis*, 607 F.2d at 25 (volunteer fire company performs exclusively governmental function).

Defendants argue that even if we do find state action, plaintiff has not alleged sufficient injury because he has no constitutionally protected right to membership in a volunteer fire company. The court in *Adams* faced the same question and concluded that the revocation of such membership is the kind of injury that can support a § 1983 action. 697 F.2d at 1217, n. 5 (citing *Everett v. Riverside Hose Co. No. 4, Inc.*, 261 F.Supp. 463 (S.D.N.Y.1966); *Williams v. Rescue Fire Co.*, 254 F.Supp. 556 (D.Md.1966); *Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953)). We agree with the *Adams* analysis and conclude that the extent of plaintiff's injury remains a question of fact which must be resolved at trial.

We conclude that we can neither dismiss this case under Rule 12(b) nor grant summary judgment under Rule 56. Although Rule 12(b)(1) allows us more discretion to evaluate the facts of this case, the facts which sustain jurisdiction are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, that a Rule 12(b)(1) dismissal would be inappropriate.[1] *Adams*, 697 F.2d at 1219. *See generally, Mortensen*, 549 F.2d at 891–91. Thus, for the reasons adduced above, defendants' motion to dismiss or in the alternative, motion for summary judgment is denied.

---

1. Because of the disposition of this motion, we need not address defendants' argument that plaintiff has not alleged sufficient facts to prove that a conspiracy existed between the fire company and the borough.