**PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, et al.,
Plaintiffs,**

v.

**Neil GOLDSCHMIDT, Individually and in his Official Capacity as Governor of the State of Oregon, Defendant.**

**Civ. No. 89–920–RE.**

United States District Court,
D. Oregon.

Sept. 27, 1990.

Gene Mechanic, Goldberg & Mechanic, Portland, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., Patricia Bridge Urquhart, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendant.

Joseph H. Hobson, Jr., Lien & Hobson, Keizer, Or., for amicus curiae.

REDDEN, Chief Judge.

Pineros y Campesinos Unidos del Noroeste (PCUN) a nonprofit Oregon corporation, two John Doe plaintiffs, numerous religious and other nonprofit corporations, and several other named plaintiffs bring this action against Neil Goldschmidt in his individual and official capacity as the governor of the State of Oregon. Plaintiffs seek a declaratory judgment in their favor declaring ORS 662.805, *et seq.*, unconstitutional under the First and Fourteenth amendments. Plaintiffs challenge the statute on the grounds that prohibiting picketing of any farm, ranch or orchard where crops are being harvested has an impermissible chilling effect on farm workers' ability to organize. The statute allows picketing by "regular" employees who have worked for the employer for more than six days. I grant Plaintiffs' summary judgment motion and deny Defendant's renewed motion to dismiss. I also deny Defendant's motion for an order denying Plaintiff's motion for summary judgment for lack of compliance with court rules requiring a concise statement of material facts showing there are no material facts to be tried.

## BACKGROUND

On May 4, 1990, I denied Defendant's motion to dismiss. In that Order I found that this court has jurisdiction over the case because an "actual controversy" existed as required by the Declaratory Judgment Act, 28 U.S.C. Section 2201. I also found that Defendant, Neil Goldschmidt, in his capacity as the Governor of Oregon, was a proper party to be sued in this case. Finally, I found that Plaintiffs may properly seek a declaration that the statute violates the United States Constitution.

After the motion to dismiss was denied, Plaintiffs filed a motion for summary judgment and the Defendant filed a renewed motion to dismiss in response. Since the Defendant's second motion to dismiss addresses the merits of the summary judgment motion, I will consider it an acceptable response.

In their motion for summary judgment, Plaintiffs agreed with the Court that any injunctive relief would be unnecessary due to the unlikelihood that this, or any, Governor would attempt to enforce a statute that had been declared unconstitutional. Therefore, Plaintiffs do not seek an injunction along with their motion for summary judgment.

## ISSUES

Plaintiffs' summary judgment motion and Defendant's renewed motion to dismiss raise the following legal issues: (1) whether the statute violates the First Amendment guarantees of free speech and peaceful assembly; (2) whether the statute violates the equal protection clause of the Fourteenth Amendment; (3) whether the governor of the State of Oregon, in his official or individual capacity, is the proper party to be sued; (4) whether this case constitutes a "labor dispute" subject to ORS 662.010, *et seq.*, otherwise known as the Little Norris–La Guardia Act; and (5) whether Plaintiff complied with the procedural rules of this court.

*A. Summary Judgment*

■ Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Upon a showing that no issue of material fact exists, the non-moving party must go beyond the pleadings and show there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. No genuine issue for trial exists where the record, as a whole, could not lead the trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

*B. Motion to Dismiss*

■ To grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the moving party must show that the court lacks subject matter jurisdiction. Once shown, all other motions on the case become moot and the case must be dismissed. *Ostroff v. Florida, Dep't of Health & Rehabilitative Services*, 554 F.Supp. 347 (M.D.Fla.1983).

■ A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted if "it appears beyond a material doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1347 (9th Cir.1986) *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). In order to grant this motion, it must appear with certainty that the non-moving party is not entitled to relief under the facts presented in the pleadings. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). All allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Id.*

## DISCUSSION

Plaintiffs seek declaratory relief in which they claim ORS 662.805 *et seq.*, particularly ORS 662.815, violates the First and Fourteenth amendments. ORS 662.815 states:

> It shall be *unlawful* for any person to picket or cause to be picketed any farm, ranch or orchard where perishable agricultural crops are produced while such crops are being harvested *unless* such picket has been a regular employee on such farm, ranch or orchard immediately prior to the commencement of the picketing. (emphasis supplied)

The term "regular employee" is defined as "a person who has been employed by the employer for at least six calendar days." ORS 662.805(3). Affidavits supplied by the Plaintiff state that most farm workers are not employed by an individual agricultural employer for more than six days. These sworn affidavits indicate that employers are reluctant to participate in voluntary collective bargaining agreements with PCUN representatives or the workers themselves.

Plaintiffs represent farm workers and Oregon citizens who wish to improve living and work place conditions for agricultural employees in the State. Until PCUN's incorporation in 1987, the statute had not been questioned since its adoption in 1963. Since PCUN's involvement with the farm workers, Plaintiffs feel that they now have the ability and means to organize and place economic pressure on the employers through peaceful picketing of sites where the harvesting of crops is taking place. However, the operation ORS 662.815 creates a bar to the institution of such economic activity. Plaintiffs contend that statute places a chilling effect upon their ability to bring the employers to the bargaining table.

"Regular" employees feel that their involvement would meet with retaliation by their employers that would result in loss of jobs. Non-regular employees harbor similar fears that they would not be rehired in the future. Plaintiffs argue that without large numbers of people participating in the peaceful picketing demonstrations, the employers would not be compelled to bargain in good faith.

## A. First Amendment

■ "Congress shall make no law ... abridging the freedom of speech ... or the right of the people peaceably to assemble...." U.S. CONST. amend. I. Summary judgment in cases involving constitutional questions is generally undesirable because the court benefits from a well-developed record when deciding such complex issues. However, facial attacks upon statutes based on first amendment grounds provide circumstances where summary judgment is often appropriate. *IDK, Inc. v. County of Clark,* 836 F.2d 1185, 1189 (9th Cir.1988). "Because of the chilling effect a statute might have on the freedoms of expression and association, an expedited determination of its constitutionality is preferable." *Id.* at 1190. In order to grant summary judgment on a first amendment challenge, the challenger must first establish that no set of circumstances exists under which the statute would be valid. *U.S. v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

■ Under the First Amendment overbreadth doctrine, a statute is subject to judicial challenge on its face when operation of the statute prohibits the plaintiff's speech or conduct and also threatens nonparties who desire to engage in the prohibited expression but refrain from doing so rather than risk prosecution. A statute may be declared unconstitutional if the overbreadth is substantial. *Airport Com'rs of Los Angeles v. Jews for Jesus,* 482 U.S. 569, 571–72, 107 S.Ct. 2568, 2571–72, 96 L.Ed.2d 500 (1987).

■ In a public forum, the government may place reasonable restrictions on the time, place or manner of protected speech so long as those restrictions do not refer to the content of the regulated speech. The restrictions must also be narrowly tailored to serve a significant governmental interest while leaving open other channels through which the information wished to be disseminated may be communicated. *Bay Area Peace Navy v. U.S.,* 914 F.2d 1224, 1226 (9th Cir.1990) (security zone imposed by Coast Guard during Fleet Week violated the first amendment rights of persons wishing to demonstrate in boats); *Ward v. Rock Against Racism,* 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661, *reh'g denied,* 492 U.S. 937, 110 S.Ct. 23, 106 L.Ed.2d 636 (1989); *Clark v. Community For Creative Non–Violence,* 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984).

■ Defendant argues that the harvesting sites in the State of Oregon "cannot by any imaginative reinterpretation be considered a traditional public forum." Defendant's Reply Brief p. 20. Peaceful picketing is an expressive activity that is protected by the first amendment. *U.S. v. Grace,* 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983) (peaceful picketing and leafletting outside the Supreme Court building is protected by the first amendment). "It is also true that 'public places' historically associated with the free exercise of expressive activities, such as streets, sidewalks, and parks, are considered, with out more, to be public forums." *Id.* at 178, 103 S.Ct. at 1707. Defendant contends that rural roads are not proper public forums because an average citizen does not frequent such roadways, nor would the average citizen expect to find vigorous public debate in such areas. However, picketing in a park or along a roadway in a more urban area makes it more unlikely that the intended communication will reach its intended audience.[1] Defendant contends that the statute is narrowly tailored to afford Plaintiffs an adequate alternative forum in which to express their grievances regarding work conditions faced by Oregon farm workers. "[A]n alternative mode of communication may be constitutionally inadequate if the speaker's 'ability to communicate effective-

---

1. Defendant insists that the statute prohibits picketing on private property thus prohibits Plaintiffs from picketing in agricultural areas since they do not constitute public forums. However, it appears from the memoranda submitted that Plaintiffs intend to picket on public roadways, not on private property. Furthermore, public roadways running adjacent to farms, ranches or orchards belong to the category of roads and streets that may be used as public forums.

ly is threatened.'" *Bay Area* at 1229, *quoting Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 812, 104 S.Ct. 2118, 2132, 80 L.Ed.2d 772 (1984). The challenged statute must not deny access within the forum in question. *Heffron v. International Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). The intended audience must be accessible from the alternative forum. *Bay Area* at 1228–29.

Defendant stated at the summary judgment hearing that the statute is meant to protect the small rural farmer from the devastating effects of picketing during harvest. Although Defendant's interest in protecting the integrity of Oregon's agricultural economy is significant, there is no tangible evidence that prohibiting picketing during harvest is necessary to achieve that interest. The legislative history consists of speculative concerns that picketing during harvest would result in the crops rotting in the fields, as well as disruptive third party intervention into labor disputes between farm workers and their employers. Amicus Curiae Memorandum, Appendix p. 1.

The non-regular farm workers are only present at the sites of the agricultural businesses during harvest. Even "regular employees" may move from job to job depending on the crop to be harvested. Picketing during non-harvest periods is impossible for most of the people whose lives are directly effected by the working conditions. Furthermore, under the statute, even citizens, not engaged in agricultural work who may be concerned about the use of pesticides on agricultural products, or other "public" issues, are prohibited from picketing.

■ Defendant argues that ORS 662.-805, *et seq.*, is a content-neutral limitation. A statute is considered content-based when it regulates speech referring to a specific subject matter or restricts a particular category of speakers. *Widmar v. Vincent*, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981); *see also Consolidated Edison Co. v. Public Service Com.*, 447 U.S. 530, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980). In *U.S.*

*v. Eichman*, 496 U.S. 310, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990), the United States Supreme Court held that while the Flag Protection Act did not contain specific content-based language, it clearly indicated the Government's intent to protect the flag's symbolic value. The Court agreed that the Government may establish, promote and encourage respectful treatment of national symbols, but in so doing it must not "criminally proscrib[e] expressive conduct because of its likely communicative impact." *Id.* at 317, 110 S.Ct. at 2409.

■ In our case, the criminal consequences attached to the farm workers' picketing of agricultural operations during harvest is indeed a content-based restriction on the freedom of expression. In their amicus memorandum, the Oregon Farm Bureau attached the legislative history surrounding the adoption of ORS 662.805 *et seq.* That information clearly demonstrated that the intent of the Legislature was to protect the agricultural economy of the state. ORS 662.810 sets forth the statement of legislative policy:

(1) The Legislative Assembly recognizes and declares that agriculture is of great importance to the economy of the state and to the well-being of its citizens. Because of the perishable nature of agricultural crops, they must be harvested at the proper stage of maturity, and if this harvest is interfered with the crop may become a total loss with a resulting waste or loss of food, adverse effect upon consumer prices, loss of employment to agricultural laborers and severe dislocation of the entire economy of the state. The picketing of farms, ranches or orchards at such times as would prevent the planting or harvesting of such corps directly affects the public welfare and requires regulation by the state in the exercise of its police power.

(2) Nothing in ORS 662.805 to 662.825 shall be construed to prohibit any right of employees to organize and bargain collectively with their employers.

The legislative history submitted by the Oregon Farm Bureau shows that one reason the Legislature was concerned about

picketing was due to incidents in California where third parties were intervening in farm labor disputes. Amicus Curiae Memorandum, Appendix pp. 1, 6. No evidence has been presented showing that either farm workers or third parties had picketed any farm, ranch or orchard during harvest at the time the statute was adopted nor to the present date. In addition no other state has gone so far in their attempts to protect the agricultural industry from disruptions during harvest periods.

I find there is no alternative forum for the Plaintiffs to effectively disseminate their message regarding the plight of the farm worker in Oregon. ORS 662.805, *et seq.*, substantially burdens more speech than is necessary to further the Legislature's legitimate interests and is unconstitutionally overbroad. I find no genuine issues of material fact exist, therefore, Plaintiff's motion for summary judgment as a matter of law is granted.

### B. Equal Protection

Plaintiffs contend that ORS 662.-805, *et seq.*, violates the Equal Protection clause of the Fourteenth Amendment by only allowing "regular employees" to picket during harvest. "Once a forum is opened up to assembly or speaking by some groups, government may not prohibit others from assembling or speaking on the basis of what they intend to say." *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 96, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972). The Legislature's concern regarding third parties or short-term farm laborers picketing alongside "regular employees" violates the Equal Protection Clause. Accordingly, I find ORS 662.805, *et seq.*, unconstitutional pursuant to the Fourteenth Amendment and grant Plaintiff's motion for summary judgment as a matter of law.

### C. The Governor's Status as a Proper Party

I denied Defendant's first motion to dismiss partially because I found Neil Goldschmidt, as Governor of the State of Oregon, a proper party to be sued in this case. Defendant has not provided this court with any authority in their renewed motion to dismiss that convinces me my previous decision was erroneous.

Defendant also argues that since Plaintiffs have not named representatives of Oregon's agricultural business community as parties, this court is unable to grant adequate relief. Plaintiffs' grievance centers around the state action threatened by the statute making it "unlawful" for non-regular employees and third parties to picket farms, ranches or orchards during harvest. Federal Rule of Civil Procedure 19(a) states:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party if (1) in his absence complete relief cannot be accorded among those already parties....

At the summary judgment hearing, the Oregon Farm Bureau appeared before the court in their amicus curiae capacity. When questioned by the court, counsel was unable to relate specific issues rural farmers have set forth that were not adequately addressed by counsel for the Oregon Farm Bureau.

The Oregon State Constitution charges the governor with the duty to faithfully execute the laws of the state. OR. CONST. art. V, section 10. While representatives from the agricultural business community may be interested in the outcome of this case, their absence as parties is not fatal to the enforceability of its final judgment. The Oregon Farm Bureau submitted an amicus curiae memorandum to this court and did not request to be joined as a party. This motion focuses upon State action, namely the threatened exercise of police power in enforcing ORS 662.805 *et seq.* Therefore, I find the governor to be a proper party and joinder of representatives of the agricultural business community unnecessary to accord adequate relief in this case.

### D. Little Norris–La Guardia Act

The amicus curiae brief submitted by the Oregon Farm Bureau contends that ORS 662.010, *et seq.*, governs the dispute in the present case. ORS 662.010, *et seq.*, sets forth the limitations on judicial authority in labor disputes except under specific circumstances. ORS 662.010(1) defines a "labor dispute" as:

> any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employe.

Under ORS 662.050(5), no court has the jurisdiction to enjoin the "giving publicity to the existence of, or facts involved in, any labor dispute, whether by advertising, speaking, patrolling or by any other method not involving fraud or violence or intimidation."

The Oregon Farm Bureau argues that the Oregon legislature intended the Little Norris–La Guardia Act to apply to certain agricultural situations rather than leave the determination to the judiciary. Specifically, the Legislature wanted picketing conducted by "regular employees" to fall under the Little Norris–La Guardia Act's protection and all other agricultural picketing to be governed by ORS 662.805 *et seq.* Amicus Curiae Memorandum, p. 8. The Oregon Farm Bureau noted that non-regular employee picketing of a farm during the harvest of perishable crops is not a labor dispute. *Id.* If the non-regular employee picketing does not constitute a labor dispute then non-employee picketing by concerned citizens protesting working conditions for migrant farm workers to the use of pesticides must logically be governed by ORS 662.805 *et seq.* I find that ORS 662.-805, *et seq.*, prohibits all persons other than "regular employees" from picketing agricultural sites during harvest. Accordingly, from my findings in the First Amendment and equal protection sections of this opinion, I find ORS 662.805 *et seq.*, to unconsti-

tutionally limit free speech as guaranteed by the First Amendment.

### E. Compliance with Court Rules

Finally, I deny Defendant's motion for an order denying Plaintiffs's motion for summary judgment for lack of compliance with court rules. Plaintiff complied with L.R. 220–4 by providing a "separate, concise statement of material facts as to which the party contends there is no genuine issue to be tried." The Plaintiff's statement of material facts was filed with the motion for summary judgment on July 30, 1990. I find the statement of facts as submitted in compliance with L.R. 220–4.

### CONCLUSION

I grant Plaintiffs' motion for summary judgment. I deny both of Defendant's renewed motions to dismiss as well as defendant's motion to for an order denying Plaintiff's summary judgment motion due to lack of compliance with court rules.