Daniel B. SNYDER

v.

Judge Isaac S. GARB

No. CIV. A. 97–CV–5539.

United States District Court,
E.D. Pennsylvania.

Dec. 1, 1997.

Daniel B. Snyder, Warrington, PA, pro se.

A. Taylor Williams, Admin. Office of PA Courts, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before this Court upon motion by defendant Judge Isaac S. Garb to dismiss plaintiff's complaint against him as barred by the *Rooker–Feldman* doctrine and the Eleventh Amendment. For the reasons which follow, defendant's motion is granted and the complaint against him dismissed.

### Factual Background

On September 2, 1997, plaintiff, Daniel Snyder filed a 16–page complaint against Judge Isaac Garb of the Court of Common Pleas of Bucks County. Although Mr. Snyder's pleading is difficult to understand because of its rambling nature and because it fails to delineate any particular cause of action in separate counts or otherwise, it appears that plaintiff was a candidate for some type of public office in the May, 1997 primary election and lost. Plaintiff thereafter petitioned the Bucks County Court for an opening and re-count of the ballot boxes. Evidently, Judge Garb then held a hearing and ordered that a recount be conducted but allegedly denied the candidates or their representatives sight of the vote counters and limited the ability of the candidates or their representatives (including plaintiff) to inspect the machines and voting materials. Plaintiff contends that, in so ordering, Judge Garb prevented a proper recount of the voting machines and materials and denied him a fair and impartial hearing on his petition in violation of the Pennsylvania Election Code, 25 P.S. §§ 3261–3263. In response to plaintiff's complaint, Defendant moves for dismissal on the grounds that this Court lacks jurisdiction to adjudicate these claims by virtue of the bar of the *Rooker–Feldman* doctrine and the Eleventh Amendment.

### Standards Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

Fed.R.Civ.P. 12(b)(1) permits the filing of a motion to dismiss for lack of jurisdiction over the subject matter of an action. Under that rule, a district court can grant a motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of the claim, but dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–1409 (3rd Cir.1991), quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. *Kehr*, at 1409; *Radeschi v. Commonwealth of Pennsylvania*, 846 F.Supp. 416, 419 (E.D.Pa.1993).

Unlike a motion to dismiss under Rule 12(b)(6), when a party attacks the factual allegations of jurisdiction, the courts are not limited in their review to the allegations of the complaint. Any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the court to resolve all factual disputes involving the existence of jurisdiction. *Sitkoff v. BMW of North America, Inc.*, 846 F.Supp. 380, 383 (E.D.Pa.1994), *aff'd*, 92 F.3d 1172 (3rd Cir.1996), citing *Moore's Federal Practice* (Second Ed.) at ¶ 12.07(2.1). In contrast, if the attack to jurisdiction is facial (i.e., based on the allegations of jurisdiction stated in the complaint), the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present. *Id.* Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed under those circumstances. *Kronmuller v. West End Fire Co. No.3*, 123 F.R.D. 170, 172 (E.D.Pa.1988). *See Also: Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir.1977).

### Bar of Rooker–Feldman Doctrine

Defendant premises his motion upon the bar of the Rooker–Feldman doctrine and the Eleventh Amendment to the U.S. Constitution. As we find that plaintiff's claims are barred by application of *Rooker–Feldman*, we do not reach defendant's second argument.

The *Rooker–Feldman* doctrine is the result of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). At its core, the doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions. *Kamilewicz v. Bank of Boston*

*Corp.,* 92 F.3d 506, 509 (7th Cir.1996). The *Rooker–Feldman* doctrine precludes federal review of lower state court decisions, just as it precludes review of the decisions of a state's highest court. *Port Authority PBA v. Port Authority of N.Y. & N.J.,* 973 F.2d 169, 177 (3rd Cir.1992).

 In order to determine the applicability of the *Rooker–Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. Stated otherwise, is the plaintiff seeking to set aside a state court judgment or is he presenting an independent claim? *Kamilewicz,* at 510; *Garry v. Geils,* 82 F.3d 1362, 1365–1366 (7th Cir.1996). If the injury alleged resulted from the state court judgment itself, *Rooker–Feldman* directs that the lower federal courts lack jurisdiction even if the alleged injury resulted from a state court action which was unconstitutional or erroneous and even if the plaintiff failed to raise their federal constitutional claims in state court. *District of Columbia Court of Appeals v. Feldman, supra,* 460 U.S. at 486, 103 S.Ct. at 1317; *Lal v. Nix,* 935 F.Supp. 578, 582 (E.D.Pa.1996).

Applying these principles to this case and after carefully scrutinizing plaintiff's complaint, it is clear that plaintiff's claims against defendant arise out of what plaintiff believes to be an erroneous and improper order directing the manner in which the recounts of the ballot boxes from the May, 1997 primary was to be conducted. It is thus obvious that the injury of which plaintiff complains resulted from an order of a state court and the relief which he seeks is the setting aside of that order and the entry of one more to his liking. It is precisely this type of case which the *Rooker–Feldman* doctrine prohibits the federal courts from hearing. As we do not have jurisdiction to hear this action, it must be dismissed with prejudice.

An appropriate order follows.

## ORDER

AND NOW, this 1st day of December, 1997, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice for the reasons set forth in the preceding Memorandum.